AO 442 (Rev. 11/11) Arrest Warrant



# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  SA-19-CR-227-FB  (14) |
| Luis Hernandez | ) | |
| a/k/a  Blue | ) | **1:20-MJ-133-ML** |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Luis Hernandez                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☑ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Ct. 1, 19, 21-22 21:USC 841(a)(1) & 18:USC 2; Possession of Methamphetaime with Intent to Distribute and Aiding & Abetting; Ct. 3 21:USC 846; Conspiracy to Possess with Intent to Distribute Cocaine; Ct 4: 21 USC 846; Conspiracy to to Possess with Intent to Distribute Methamphetamine; Ct. 5 18:USC 1956(h); Conspiracy to Launder Monetary Instruments; Ct. 6 18: USC 924(c) & 2; Possession of a Firearm in Furtherance of a Drug Trafficking Crime & Aiding & Abetting; Ct. 7 21:USC 846 Conspiracy to Possess with Intent to Distribute Cocaine Base; Ct. 16  21:USC 841(a)(1); Possession of Cocaine with Intent to Distribute; Ct. 17-18  21:USC 841(a)(1); Possession of Methamphetamine with Intent to Distribute; Ct. 20-23  21:USC 841(a)(1) & 2; Possession of Cocaine with Intent to Distribute & Aiding & Abetting    ➕

Date:    02/04/2020

City and state:    San Antonio, Texas

*Issuing officer's signature*

Wayne Garcia, U.S. Deputy Clerk
*Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____            _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

REDACTED
COPY

FILED

FEB - 5 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § **CRIMINAL NO. SA-19-CR-227-FB** |
| | § |
| **Plaintiff,** | § **S E A L E D**   **1:20-MJ-133-ML** |
| | § |
| **v.** | § **FIRST SUPERSEDING INDICTMENT** |
| | § |
| **ALMA LUGO (1);** | § **CT 1, 19-24:  21 U.S.C. § 841(a)(1) and 18** |
| **JOSEFINA GARZA (2);** | § **U.S.C. § 2; Possession of a Controlled** |
| **JESSE ESCOBEDO (3);** | § **Substance with Intent to Distribute and** |
| **RONALD CLARK a.k.a. Screw (4);** | § **Aiding and Abetting** |
| **BRANDON GRAVES a.k.a. B-Loc (5);** | § **CT 2: 18 U.S.C. § 924(c); Possession of** |
| **MICHAEL SCHMIDT (6);** | § **Firearm in Furtherance of Drug** |
| **ANNA FLOTA (7);** | § **Trafficking Crime** |
| **RUSSELL BOSQUEZ (8);** | § **CT 3-4, 7: 21 U.S.C. § 846; Conspiracy to** |
| **ROCKY CARDENAS (9);** | § **Possess with the Intent to Distribute A** |
| **RAQUEL RIVERA (10);** | § **Controlled Substance;** |
| **BRIAN MARTINEZ (11);** | § **CT 5: 18 U.S.C. § 1956(h); Conspiracy to** |
| **ROSIE MORENO (12);** | § **Launder Monetary Instruments** |
| **REYNALDO GIL a.k.a. Fatboy (13);** | § **CT 6: 18 U.S.C. §§ 924(c) and 2;** |
| **LUIS HERNANDEZ a.k.a. Blue (14);** | § **Possession of Firearm in Furtherance of** |
| **JUAN EUGENE PERALES (15);** | § **Drug Trafficking Crime and Aiding and** |
| **TANILO GEORGE RODRIGUEZ a.k.a.** | § **Abetting** |
| **George (16);** | § **CT: 8-9, 11-14: 21 U.S.C. § 841(a)(1);** |
| **JOSE NEFTALI VIDAURRI-MORALES** | § **Distribution of a Controlled Substance** |
| **a.k.a. Lexus (17);** | § **Ct 10: 21 U.S.C. § 841(a)(1) and 18** |
| **ROBERTO LOPEZ (18);** | § **U.S.C. § 2; Distribution of a Controlled** |
| **ARTURO ROMERO (19);** | § **Substance and Aiding and Abetting** |
| **RICHARD DANIEL GARCIA (20);** | § **CT 15-18:  21 U.S.C. § 841(a)(1);** |
| **JASON GIL a.k.a. Jay (21)** | § **Possession of a Controlled Substance** |
| | § **with Intent to Distribute** |
| | § |

**Defendants.**

## COUNT ONE
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) & 18 U.S.C. §2)

That beginning on or about March 3, 2019, and continuing through and including on or about March 4, 2019, in the Western District of Texas, Defendants,

**ALMA LUGO (1);
JOSEFINA GARZA (2);
JESSE ESCOBEDO (3);
BRIAN MARTINEZ (11); and
JASON GIL (21)**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Before **JASON GIL a.k.a. Jay (21)** committed the offense charged in this count, **JASON GIL a.k.a. Jay (21)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
(18 U.S.C. § 924(c)(1)(A)(i))

On or about March 4, 2019, in the Western District of Texas, Defendants,

**ALMA LUGO (1), and
JOSEFINA GARZA (2),**

knowingly possessed a firearm, to wit: a DPMS 223 Model AR-15 Assault Rifle, Smith & Wesson M&P .40 Caliber, Bersa Tunder .380 Caliber, Taurus PT 738 .380 Caliber, Jimenez JA .380

Caliber, in furtherance of a drug trafficking crime, to wit: possession with the intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THREE
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about May of 2018 and continuing through and including on or about August 2019, in the Western District of Texas and elsewhere, Defendants,

**JESSE ESCOBEDO (3);**
**RONALD CLARK a.k.a. Screw (4);**
**BRANDON GRAVES a.k.a. B-Loc(5);**
**MICHAEL SCHMIDT (6);**
**RUSSELL BOSQUEZ (8);**
**ROCKY CARDENAS (9);**
**BRIAN MARTINEZ (11);**
**ROSIE MORENO (12);**
**REYNALDO GIL a.k.a. Fatboy (13);**
**LUIS HERNANDEZ a.k.a. Blue (14);**
**JUAN EUGENE PERALES (15);**
**TANILO GEORGE RODRIGUEZ a.k.a. George (16);**
**JOSE NEFTALI VIDAURRI-MORALES a.k.a. Lexus (17);**
**ARTURO ROMERO (19);**
**RICHARD DANIEL GARCIA (20); and**
**JASON GIL a.k.a. Jay (21)**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| JESSE ESCOBEDO (3) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| RONALD CLARK a.k.a. Screw (4) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| BRANDON GRAVES a.k.a. B-Loc (5) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| MICHAEL SCHMIDT (6) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| RUSSELL BOSQUEZ (8) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| ROCKY CARDENAS (9) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |
| BRIAN MARTINEZ (11) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| ROSIE MORENO (12) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| REYNALDO GIL a.k.a. Fatboy (13) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| LUIS HERNANDEZ a.k.a. Blue (14) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |

| JUAN EUGENE PERALES (15) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
|---|---|---|
| TANILO GEORGE RODRIGUEZ a.k.a. George (16) | 500 grams or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(B)(ii)(II) |
| JOSE NEFTALI VIDAURRI-MORALES a.k.a. Lexus (17) | 500 grams or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(B)(ii)(II) |
| ARTURO ROMERO (19) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| RICHARD DANIEL GARCIA (20) | a quantity of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(C) |
| JASON GIL a.k.a. Jay (21) | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 21 U.S.C. § 841(b)(1)(A)(ii)(II) |

All in violation of Title 21, United States Code, Section 846.

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count, **RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **REYNALDO GIL a.k.a. Fatboy (13)** committed the offense charged in this count, **REYNALDO GIL a.k.a. Fatboy (13)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** committed the offense charged in this count, in 2009, **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense. Before **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** committed the offense charged in this count, in 2010, **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **JUAN EUGENE PERALES (15)** committed the offense charged in this count, **JUAN EUGENE PERALES (15)** was convicted of Conspiray to Possess with Intent to Distribute a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **RICHARD DANIEL GARCIA (20)** committed the offense charged in this count, **RICHARD DANIEL GARCIA (20)** was convicted of Conspiray to Possess with Intent to Distribute a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **JASON GIL a.k.a. Jay (21)** committed the offense charged in this count, **JASON GIL a.k.a. Jay (21)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was

6

released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FOUR
(21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about May of 2018 and continuing through and including on or about August 2019, in the Western District of Texas and elsewhere, Defendants,

**ALMA LUGO (1);**
**JOSEFINA GARZA (2);**
**JESSE ESCOBEDO (3);**
**BRANDON GRAVES a.k.a. B-Loc (5);**
**MICHAEL SCHMIDT (6);**
**ANNA FLOTA (7);**
**RAQUEL RIVERA (10);**
**BRIAN MARTINEZ (11);**
**ROSIE MORENO (12);**
**JUAN EUGENE PERALES (15);**
**TANILO GEORGE RODRIGUEZ a.k.a. George (16);**
**JOSE NEFTALI VIDAURRI-MORALES a.k.a. Lexus (17);**
**ROBERTO LOPEZ (18);**
**JASON GIL a.k.a. Jay (21)**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

7

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| ALMA LUGO (1) | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| JOSEFINA GARZA (2) | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| JESSE ESCOBEDO (3) | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| BRANDON GRAVES a.k.a. B-Loc (5) | 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| MICHAEL SCHMIDT (6) | 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| ANNA FLOTA (7) | 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| RAQUEL RIVERA (10) | a quantity of a mixture or substance containing a detectable amount of methamphetamine | 21 U.S.C. § 841(b)(1)(C) |
| BRIAN MARTINEZ (11) | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| ROSIE MORENO (12) | a quantity of a mixture or substance containing a detectable amount of methamphetamine | 21 U.S.C. § 841(b)(1)(C) |
| JUAN EUGENE PERALES (15) | a quantity of a mixture | 21 U.S.C. § 841(b)(1)(C) |

| | or substance containing a detectable amount of methamphetamine | |
|---|---|---|
| **TANILO GEORGE RODRIGUEZ a.k.a. George (16)** | a quantity of a mixture or substance containing a detectable amount of methamphetamine | 21 U.S.C. § 841(b)(1)(C) |
| **JOSE NEFTALI VIDAURRI-MORALES a.k.a. Lexus (17)** | 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| **ROBERTO LOPEZ (18);** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |
| **JASON GIL a.k.a. Jay (21)** | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine | 21 U.S.C. § 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

Before **ANNA FLOTA (7)** committed the offense charged in this count, **ANNA FLOTA (7)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **JUAN EUGENE PERALES (15)** committed the offense charged in this count, **JUAN EUGENE PERALES (15)** was convicted of Conspiray to Possess with Intent to Distribute a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to

that offense within 15 years of the commencement of the instant offense.

Before **JASON GIL a.k.a. Jay (21)** committed the offense charged in this count, **JASON GIL a.k.a. Jay (21)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FIVE
### (18 U.S.C. §§1956(a)(1)(A)(i) & (B)(i) & (ii) & (h))

That on or about March 22, 2019, in the Western District of Texas, and elsewhere, the Defendants,

**JESSE ESCOBEDO (3) and
ROSIE MORENO (12),**

did knowingly conspire and agree with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, such property being, in fact, the proceeds of a specified unlawful activity, to wit: conspiracy to possess with the intent to distribute a controlled substance with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(a)(1) & (h).

## COUNT SIX
### (18 U.S.C. §§ 924(c)(1)(A)(i) & 2)

On or about May 8, 2019, in the Western District of Texas, Defendants,

**JESSE ESCOBEDO (3) and
ROBERTO LOPEZ (18),**

in furtherance of a drug trafficking crime of possession with the intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine, did knowingly possess a firearm, that is a Springfield XD .45 caliber handgun; and did aid and abet therein, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2.

## COUNT SEVEN
### (21 U.S.C. §§ 846 & 841(a)(1))

That beginning on or about May of 2018 and continuing through and including on or about October 2018, in the Western District of Texas and elsewhere, Defendants,

**JESSE ESCOBEDO (3);**
**RONALD CLARK a.k.a. Screw (4); and**
**BRANDON GRAVES a.k.a. B-Loc(5);**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved cocaine base, also known as "crack", a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of cocaine base involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| JESSE ESCOBEDO (3) | 28 grams or more of a mixture or substance containing cocaine base | 21 U.S.C. § 841(b)(1)(B)(iii) |
| RONALD CLARK a.k.a. Screw (4) | 28 grams or more of a mixture or substance | 21 U.S.C. § 841(b)(1)(B)(iii) |

| | containing cocaine base | |
| **BRANDON GRAVES a.k.a. B-Loc (5)** | 28 grams or more of a mixture or substance containing cocaine base | 21 U.S.C. § 841(b)(1)(B)(iii) |

All in violation of Title 21, United States Code, Section 846.

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count, **RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT EIGHT
(21 U.S.C. § 841(a)(1))

That on or about May 30, 2018, in the Western District of Texas, Defendant,

**RONALD CLARK a.k.a. Screw (4),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count, **RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT NINE
(21 U.S.C. § 841(a)(1))

That on or about July 2, 2018, in the Western District of Texas, Defendant,

**RONALD CLARK a.k.a. Screw (4),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture

and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and

841(b)(1)(C).

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count,

**RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine

Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which

he was released from serving any term of imprisonment related to that offense within 15 years of the

commencement of the instant offense.


## COUNT TEN
(21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2)

That on or about July 13, 2018, in the Western District of Texas, Defendants,

**RONALD CLARK a.k.a. Screw (4), and
BRANDON GRAVES a.k.a. B-Loc (5),**

knowingly and intentionally distributed a controlled substance, and aided and abetted the knowing

and intentional distribution of a controlled substance, which offense involved a mixture and

substance containing a detectable amount of cocaine base, also known as crack, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C) and Title 18, United States Code, Section 2.

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count,

**RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT ELEVEN
(21 U.S.C. § 841(a)(1))

That on or about July 27, 2018, in the Western District of Texas, Defendant,

**RONALD CLARK a.k.a. Screw (4),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count, **RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWELVE
(21 U.S.C. § 841(a)(1))

That on or about August 24, 2018, in the Western District of Texas, Defendant,

**BRANDON GRAVES a.k.a. B-Loc (5),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN
(21 U.S.C. § 841(a)(1))

That on or about October 16, 2018, in the Western District of Texas, Defendant,

**BRANDON GRAVES a.k.a. B-Loc (5),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN
(21 U.S.C. § 841(a)(1))

That on or about October 19, 2018, in the Western District of Texas, Defendant,

**BRANDON GRAVES a.k.a. B-Loc (5),**

knowingly and intentionally distributed a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTEEN
(21 U.S.C. § 841(a)(1))

That on or about June 24, 2019, in the Western District of Texas, Defendant,

**RONALD CLARK a.k.a. Screw (4),**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of cocaine,

a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before **RONALD CLARK a.k.a. Screw (4)** committed the offense charged in this count, **RONALD CLARK a.k.a. Screw (4)** was convicted of Possession with Intent to Distribute Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT SIXTEEN
(21 U.S.C. § 841(a)(1))

That on or about June 24, 2019, in the Western District of Texas, Defendant,

### JESSE ESCOBEDO (3),

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1). and 841(b)(1)(C).

## COUNT SEVENTEEN
(21 U.S.C. §§841(a)(1))

That on or about February 4, 2019, in the Western District of Texas, Defendant,

### JESSE ESCOBEDO (3),

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT EIGHTEEN
(21 U.S.C. §§841(a)(1))

That on or about March 5, 2019, in the Western District of Texas, Defendant,

**JESSE ESCOBEDO (3),**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT NINETEEN
(21 U.S.C. §§841(a)(1) and 18 U.S.C. § 2)

That on or about January 22, 2019, in the Western District of Texas, Defendant,

**JESSE ESCOBEDO (3), and**
**MICHAEL SCHMIDT (6),**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetting the knowing and intentional possession with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## COUNT TWENTY
(21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2)

That on or about January 22, 2019, in the Western District of Texas, Defendants,

**JESSE ESCOBEDO (3), and**
**MICHAEL SCHMIDT (6),**

knowingly and intentionally distributed a controlled substance, and aided and abetted the knowing and intentional distribution of a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE
(21 U.S.C. §§ 841(a)(1) & 18 U.S.C. §2)

That beginning on or about March 24, 2019, and continuing through and including on or about April 1, 2019, in the Western District of Texas, Defendants,

**JESSE ESCOBEDO (3);**
**BRANDON GRAVES a.k.a. B-Loc (5);**
**ANNA FLOTA (7);**
**JOSE NEFTALI VIDAURRI-MORALES a.k.a. Lexus (17); and**
**JASON GIL (21)**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Before **ANNA FLOTA (7)** committed the offense charged in this count, **ANNA FLOTA (7)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **JASON GIL a.k.a. Jay (21)** committed the offense charged in this count, **JASON GIL a.k.a. Jay (21)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT TWENTY-TWO**
(21 U.S.C. §§ 841(a)(1) & 18 U.S.C. §2)

That beginning on or about May 4, 2019, and continuing through and including on or about May 8, 2019, in the Western District of Texas, Defendants,

**JESSE ESCOBEDO (3);**
**ROBERTO LOPEZ (18); and**
**JASON GIL (21)**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided

and abetted the knowing and intentional possession with intent to distribute a controlled substance,

which offense involved 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

Before **JASON GIL a.k.a. Jay (21)** committed the offense charged in this count, **JASON**

**GIL a.k.a. Jay (21)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious

drug felony, for which he served more than 12 months of imprisonment and for which he was

released from serving any term of imprisonment related to that offense within 15 years of the

commencement of the instant offense.

## COUNT TWENTY-THREE
(21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2)

That on or about August 6, 2019, in the Western District of Texas, Defendants,

**JESSE ESCOBEDO (3);**
**RUSSELL BOSQUEZ (8); and**
**REYNALDO GIL a.k.a. Fatboy (13);**

knowingly and intentionally distributed a controlled substance, and aided and abetted the knowing

and intentional distribution of a controlled substance, which offense involved a mixture and

substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in

violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

Before **REYNALDO GIL a.k.a. Fatboy (13)** committed the offense charged in this count,

**REYNALDO GIL a.k.a. Fatboy (13)** was convicted of Manufacture/Delivery of a Controlled

Substance, a serious drug felony, for which he served more than 12 months of imprisonment and

for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT TWENTY-FOUR**
(21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2)

That on or about August 8, 2019, in the Western District of Texas, Defendants,

**ROCKY CARDENAS (9)**
**ARTURO ROMERO (19)**
**RICHARD DANIEL GARCIA (20)**
**LUIS RANGEL HERNANDEZ a.k.a. Blue (14)**

knowingly and intentionally distributed a controlled substance, and aided and abetted the knowing and intentional distribution of a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

Before **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** committed the offense charged in this count, in 2009, **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense. Before **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** committed the offense charged in this count, in 2010, **LUIS RANGEL HERNANDEZ a.k.a. Blue (14)** was convicted of Manufacture/Delivery of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **RICHARD DANIEL GARCIA (20)** committed the offense charged in this count, **RICHARD DANIEL GARCIA (20)** was convicted of Conspiray to Possess with Intent to

Distribute a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.

### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 841 & 846,
subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) & (2)]

As a result of the foregoing violations set forth in Counts One, Three, Four, and Seven to Twenty-Four, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of property, including the items described below, upon conviction and as part of sentencing, pursuant to Fed. R. Crim P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) & (2), which state:

> Title 21 U.S.C. § 853. Criminal forfeitures
> (a) Property subject to criminal forfeitures.
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> > (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.

### Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. 924(c), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing violations set forth in Counts Two and Six, the United States of America gives notice to the Defendants of its intent seek the forfeiture of property, including the items described below, upon conviction and as part of sentencing, pursuant to Fed. R. Crim P.

32.2 and Title 18 U.S.C. §§ 924(d)(1) (made applicable to criminal forfeiture by Title 28 U.S.C.

§ 2461(c)), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(1)** Any firearm or ammunition involved in or used in . . . knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . . .

### III.
### Money Laundering Violations and Forfeiture Statutes
### [Title 18 U.S.C. 1956, subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)

As a result of the foregoing violations set forth in Count Five, the United States of America

gives notice to the Defendants of its intent to seek the forfeiture of property, including the items

described below, upon conviction and as part of sentencing, pursuant to Fed. R. Crim P. 32.2 and

Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the following property:

### IV.
### PERSONAL PROPERTY

1. DPMS 223 Model AR-15 Assault Rifle
2. Smith & Wesson M&P .40 Caliber handgun
3. Bersa Tunder .380 Caliber handgun
4. Taurus PT 738 .380 Caliber handgun
5. Jimenez JA .380 Caliber handgun
6. Springfield XD .45 caliber handgun; and
7. Any and all ammunition and firearm accessories.

### V.
### REAL PROPERTY

Real Property located and situated at **765 Geronimo Dr., Seguin, Guadalupe County, Texas, 78155**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

10 SUR: M CHERINO 1.9400AC MH=PFS0780151/152.

## VI.
## MONEY JUDGMENT

**Money Judgment:** A sum of money that each defendant is solely liable for which is equal to: the proceeds he/she obtained directly or indirectly from; any facilitating property he/she used or intended to use in; and/or any property he/she involved in the violations set forth above.

## VII.
## SUBSTITUTE PROPERTY

If any of the proceeds from the violations above, any of the facilitating property used or intended to be used in the violations above, and any of the property involved in the violations above, including the items specifically described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by the Defendants, up to the value of his/her individual money judgment, as substitute property,

pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

_____
Daphne Newaz
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

FEB - 5 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | Cause No.: 5:19-CR-227-FB |
| | § | |
| | § | **1:20-MJ-133-ML** |
| LUIS HERNANDEZ a.k.a. Blue (14) | § | |
| | § | |

**GOVERNMENT'S MOTION FOR DETENTION HEARING, FOR DETENTION,
AND FOR CONTINUANCE**

TO THE UNITED STATES MAGISTRATE JUDGE:

The Government, by and through the United States Attorney for the Western District of Texas

and the undersigned Assistant United States Attorney, and pursuant to 18 U.S.C. § 3141, *et. seq*, moves

for pretrial detention of Defendant; for a detention hearing regarding the above-named Defendant; and

for a continuance of said hearing. In support of these motions, the Government shows as follows:

**I.     MOTION FOR DETENTION HEARING**

The Government requests that a hearing be set regarding detention pursuant to 18 U.S.C. §

3142(f), as this matter involves one of more of the following:

☐     an offense with a maximum sentence of life imprisonment or death

☒     a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐     a felony offense that involves the possession or use of a firearm (including but not limited to felon in possession of a firearm), destructive device, or any other dangerous weapon

☐     a felony offense that is a crime of violence as defined under 18 U.S.C. § 3156(a)(4) to include a felony offense under 18 U.S.C. chapter 77, 109a, 110 or 117

☐     a felony offense that involves a minor victim

☐     an offense that involves failure to register as a sex offender under 18 U.S.C. § 2250

☒     a serious risk that the Defendant will flee

☒     a serious risk that the Defendant will obstruct or attempt to obstruct justice

## II.     MOTION FOR DETENTION

*Grounds for detention.*  The Government further requests that Defendant be detained pending trial in this case pursuant to 18 U.S.C. §§ 3141(a) and 3142(e), because no condition or combination of conditions will reasonably assure:

☒     Defendant's appearance as required

☒     the safety of any other person or the community

## III.     MOTION FOR CONTINUANCE

*Three-day continuance.*  Pursuant to 18 U.S.C. § 3142(f), the Government moves for a three-day continuance of the detention hearing in the matter.

## IV.     NOTICE OF REBUTTABLE PRESUMPTION IN FAVOR OF DETENTION

*Presumption of detention.*   In addition, the Government gives notice that 18 U.S.C. § 3142(e)(3) establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, because there is probable cause to believe that Defendant committed:

☒     a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐     an offense under 18 U.S.C. § 924(c)

☐     an offense under 18 U.S.C. chapter 77 for which a maximum term of imprisonment of 20 years or more is prescribed

☐     a qualifying offense involving a minor victim

## V.    NOTICE OF APPLICABILITY OF TEMPORARY DETENTION OF UP TO 10 DAYS

*Temporary detention.* The Government gives notice, pursuant to 18 U.S.C. § 3142(d), that

Defendant is subject to temporary detention of up to ten days, as Defendant may flee or pose a danger

to any other person or the community, and Defendant was:

☐    at the time the offense was committed, on release pending trial for a felony offense

☐    at the time the offense was committed, on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence for an offense

☐    at the time the offense was committed, on probation or parole for an offense

☐    and is not, a United States citizen or not admitted lawfully for permanent residence


                                   Respectfully submitted,

                                   JOHN F. BASH
                                   United States Attorney

                                            /S/
                          BY:      _____
                                   Daphne D. Newaz
                                   Assistant United States Attorney
                                   Bar No. 24056036
                                   601 NW Loop 410, Suite 600
                                   San Antonio, Texas 78216-5512
                                   Phone: (210) 384-7100

UNITED STATES MAGISTRATE COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Cause No.: 5:19-CR-227-FB |
| v. | | **1:20-MJ-133-ML** |
| LUIS HERNANDEZ a.k.a. Blue (14) | | |
| Defendant. | | |

## ORDER

On this date the Court considered the Government's Motion to Detain Defendant, and the Court having reviewed said motion enters the following Orders:

**IT IS HEREBY ORDERED** that the Defendant be temporarily detained pending a hearing on the Government's Motion and until further Order of the Court, pursuant to 18 USC 3142(f).

**IT IS FURTHER ORDERED** that Defendant's bond hearing is set for _____ at _____ a.m. / p.m.

SIGNED AND ENTERED on:_____

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE